*Of Counsel* – Hyslip & Taylor LLC LPA
Art Matthews, Esq.
Email:  aem@matthewsfirm.net
Attorney for Plaintiff
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
310-556-9620
Cal. Bar. No. 145232

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Renee Mitchell | Case No.: 3:14-cv-03298 |
|         Plaintiff, | |
| | Judge: |
| v. | |
| Account Control Technology, Inc. and LiveVox Inc. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
|         Defendant. | |
| | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Renee Mitchell, ("Renee"), is a natural person who resided in Philadelphia, Pennsylvania, at all times relevant to this action.

2. Defendant, Account Control Technology, Inc., ("ACT"), is a California Corporation that maintained its principal place of business in Canoga Park, California, at all times relevant to this action.

3. Defendant LiveVox Inc. is a Delaware corporation with a principal place of business in San Francisco, CA.

Complaint - 1

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

5. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

6. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's TCPA claims because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

7. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant LiveVox resides in this judicial district and events giving rise to the action occurred in this District.

## INTRADISTRICT ASSIGNMENT

8. This case should be assigned to San Francisco because Defendant LiveVox is located in San Francisco.

## STATEMENT OF FACTS

9. LiveVox makes collection calls for ACT using its telephony and cloud computing technology.

10. Defendants make calls using an automated telephone dialing system to collect debts.

11. Defendants regularly use the telephones to collect consumer debts that ACT had been hired to collect.

12. The principal source of ACT's revenue is debt collection.

Complaint - 2

13. LiveVox regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using its telephony technology.

14. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

15. Defendants are "debt collectors" as defined by the RFDCPA, California Civil Code §1788.2(c).

16. As described below, ACT contacted Renee about an obligation that Plaintiff allegedly owed which had been incurred for personal rather than commercial purposes.

17. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

19. As described below, Defendants attempted to collect the debt from Renee, and in so doing, has alleged that Renee owed the debt.

20. Renee is a "consumer" as defined by 15 U.S.C. §1692a(3).

21. On several occasions, the dates of which will be discovered through discovery, Defendants used an automatic telephone dialing system to call Renee on her cellular phone multiple times for non-emergency pruposes.

22. This violates the TCPA.  See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

23. Around February 2014, ACT began contacting Renee on Renee's cellular phone in connection with the collection of the debt.

24. During one communication, around February 2014, Renee requested ACT cease further calls to Renee.

25. Despite this request, ACT contacted Renee on Renee's cellular phone in connection with the collection of the debt on more than one occasion, most recently around March 27, 2014.

26. On more than one occasion, Renee requested ACT cease further calls to Renee.

27. During one communication, ACT threatened to take legal action against Renee if Renee didn't pay the debt.

28. ACT has not taken legal action against Renee.

29. ACT never intended to take legal action against Renee.

30. ACT caused Renee emotional distress.

31. Defendant violated the FDCPA, RFDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at an unusual place – her cell phone -- known to be inconvenient.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Rosenthal Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692c(a)(1).

## COUNT FIVE

### Violation of the Rosenthal Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692d.

## COUNT SIX

### Violation of the Rosenthal Fair Debt Collection Practices Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant violated California Civil Code §§ 1788.17 by violating 15 U.S.C. 1692e.

## COUNT SEVEN

### Violations of the Telephone Consumer Protection Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

47. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By:   /s/ Art Matthews
One of Plaintiff's Attorneys

*Of Counsel* – Hyslip & Taylor LLC LPA
Art Matthews, Esq.
Email:  aem@matthewsfirm.net
Attorney for Plaintiff
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
310-556-9620
Cal. Bar. No. 145232